IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| ISAAC LEE ANDREWS and | ) | |
| A & M CARRIERS, INC., , | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-379-RAW |
| | ) | |
| THOMAS WILLIAM PALMER and | ) | |
| BOOKER TRANSPORTATION | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the motion of the defendant Thomas William Palmer to dismiss. This action involves a vehicular accident which took place on December 7, 2010. The complaint refers to a previous action, evidently involving the same incident and same parties, which was pending in state court from October 11, 2011 until it was dismissed without prejudice on September 12, 2013.

The present complaint was filed on September 8, 2014. On January 2, 2015, plaintiffs filed a motion for extension of time to obtain service on Palmer (#10). Judge Payne (previously assigned) granted the motion until February 27, 2015 (#11). On February 25, 2015, plaintiffs filed a motion to extend deadline for service or alternatively for service by publication on Palmer (#12). This motion was also granted by Judge Payne (#13). On May 15, 2015, Judge Payne directed a status report as to the service on Palmer (#14). The status report was filed on May 26, 2015 (#15). In the status report, plaintiffs' counsel stated they employed a private investigator to locate Mr. Palmer, that a complaint and summons were sent by

certified mail to an address in Wyoming that the investigator had found, but that the certified mail was returned without being claimed. Plaintiffs' counsel then requested the opportunity to obtain service by publication in Wyoming. On July 6, 2015, plaintiffs filed a return of service (#17) stating that service by publication had been perfected in Wyoming on Mr. Palmer.

Plaintiffs filed a motion for default judgment as to Palmer on September 22, 2015 (#33). The present motion was then filed on October 5, 2015 (#35). The Federal Rules of Civil Procedure do not expressly permit service by publication. Rule 4(e)(1), however, permits a plaintiff to serve a defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Oklahoma law, to obtain service by publication, the summons must be published in the county where the lawsuit was filed. *See* 12 O.S. §2004(C)(3)(c). Plaintiffs made no attempt to comply with Oklahoma law in this regard.

As previously noted, Rule 4(e)(1) F.R.Cv.P. also contemplates service according to state law "where service is made." Defendant argues that plaintiffs did not comply with Wyoming law, either. Indeed, Rule 4(g) of the Wyoming Rules of Civil Procedure requires publication be made in the county where the lawsuit is filed. Plaintiffs' publication of notice took place in Wyoming, not Oklahoma. This seems to be rather a "Catch 22" situation, in that it appears neither Oklahoma nor Wyoming law contemplate service by publication on a nonresident defendant.

Finally, there is the constitutional aspect "that the means used by the plaintiff be

2

reasonably calculated to give the defendant notice of the proceedings and an opportunity to be heard." 4B Wright, Miller & Steinman <u>Federal Practice and Procedure</u> §1115 at 115 (2015)(footnote omitted). Movant has submitted deposition testimony from Palmer taken in the previous lawsuit in which he indicates he is a resident of Kansas. In plaintiffs' response (#39) to the motion, it is stated that attempts to serve process in Kansas were made, but unsuccessfully.

The court reluctantly grants the motion, as this proceeding reflects a hint of gamesmanship. Mr. Palmer is evidently somewhere in hiding so as to avoid service of process. Plaintiffs' counsel represents that it inquired of defense counsel of Palmer's address or whether defense counsel would accept service on Palmer's behalf, having represented Palmer in the previous litigation. It is represented that defense counsel did not respond, which of course he is not obligated to do. Still, the court cannot say valid service has been obtained on the defendant Palmer.

It is the order of the court that the motion to dismiss (#35) is hereby granted. This action is dismissed without prejudice as to defendant Palmer pursuant to Rule 4(m) F.R.Cv.P.. The motion of plaintiffs for default judgment (#33) is denied.

**ORDERED THIS 15th DAY OF JANUARY, 2016.**

**Dated this 15th day of January, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3