IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ISAAC LEE ANDREWS and<br>A & M CARRIERS, INC., ,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS WILLIAM PALMER and<br>BOOKER TRANSPORTATION<br>SERVICES, INC.,<br><br>Defendants. | Case No. CIV-14-379-RAW |

## ORDER

Before the court is the motion of the defendant Booker Transportation Services, Inc. ("Booker") to dismiss without prejudice. This action involves a vehicular accident which took place on December 7, 2010. The complaint refers to a previous action, evidently involving the same incident and same parties, which was pending in state court from October 11, 2011 until it was dismissed without prejudice on September 12, 2013.

The present complaint was filed on September 8, 2014. On December 16, 2014, a return of service (#9) as to Booker was filed. The document states that Booker's registered service agent was served on or about October 6, 2014. No challenge to the service was made at that time. Plaintiffs had not yet obtained service on defendant Thomas William Palmer ("Palmer") and plaintiffs requested extensions of time for service.

An attorney entered his appearance for Booker on July 21, 2015 (#18). On that same day, Booker filed its answer (#19) and asserted at paragraph VII that service was not

perfected as to Booker within the time required under Rule 4(m) F.R.Cv.P. Subsequently, Booker filed a corporate disclosure statement (#22) and counsel for plaintiffs and Booker submitted a joint status report (#23). In the latter, Booker asserted that the court did not have jurisdiction over co-defendant Palmer, but did not make that claim for itself. The joint status report also addressed the claims and defenses and discussed discovery. Judge Payne (the previously assigned judge) entered a scheduling order on August 13, 2015. A second attorney entered his appearance for Booker on August 19, 2015 (#26). On the same day, a motion was filed by counsel for Booker stating that the parties had agreed that depositions from the previous state court case could be used in the case at bar (#27).

Finally, on September 8, 2015, Booker filed the present motion. In the motion, Booker states it was not served until July 6, 2015, but the record does not reflect this.[*] In its reply (#32), Booker states that the service on October 6, 2014 (the only service reflected on the docket sheet) was not valid, because plaintiffs did not serve Booker's official service agent. Plaintiffs' counsel states that the same counsel representing Booker in the present case represented Booker in the previous state court action, and that counsel requested a courtesy copy of the complaint be mailed to him. Under these circumstances, Booker clearly received notice and suffers no prejudice. On the other hand, plaintiff bears the burden of proof in establishing valid service of process. *See Fed. Deposit Ins. Corp. v. Oaklawn*

---

[*]Booker cites to Exhibit 1 attached to its motion, but that affidavit does not establish the assertion either. The Exhibit, however, does indicate that the incorrect service agent was served as to return of service #9. Plaintiffs have not presented a counter-affidavit or other evidence on this point.

2

*Apartments,* 959 F.2d 170, 174 (10th Cir.1992). What may or may not have been plaintiffs' counsel's misplaced reliance upon Booker's counsel does not establish service of process in this case.

Booker emphasizes the "must dismiss" language of Rule 4(m), but there is case law holding that "delay in challenging personal jurisdiction by motion to dismiss may result in waiver, even where . . . the defense was asserted in a timely answer". *Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 60 (2nd Cir.1999); *see also Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction, LLC,* 2010 WL 4316573 (M.D.Fla.2010)("[Defendant] has also waived his right to attack the personal jurisdiction of this Court by entering an appearance and participating in the case management conference without objecting to the Court's personal jurisdiction."). Usually, however, such waiver requires substantial participation in the litigation without timely seeking dismissal. *Cf. Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.,* 203 F.3d 835, *3 (10th Cir.2000)("After its lengthy participation in this litigation . . . [defendant] may not pull its personal jurisdiction defense out of the hat like a rabbit.") It is a close question whether Booker has substantially participated in the litigation at this point.

Reluctantly, the court concludes plaintiffs has not satisfied its burden of proof and Booker has not waived the issue. The court says "reluctantly," because although the motion requests dismissal without prejudice, there appears a serious question of statute of limitation under those circumstances, which the parties have not addressed.

It is the order of the court that the motion to dismiss (#30) is hereby granted. This action is dismissed as to defendant Booker without prejudice pursuant to Rule 4(m) F.R.Cv.P. The motion of defendant Booker for partial summary judgment (#47) is deemed moot.

**ORDERED THIS 15th DAY OF JANUARY, 2016.**

**Dated this 15th day of January, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma